IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUASHAE BROWN | : | |
| 1932 Penn Street | : | |
| Harrisburg, PA 17102 | : | |
| and | : | |
| QUANAE BROWN | : | |
| 1932 Penn Street | : | |
| Harrisburg, PA 17102 | : | |
| | : | |
| *Plaintiffs* | : | |
| | : | CIVIL ACTION |
| v. | : | NO. |
| | : | |
| THE GAP INC. | : | |
| 2 Folsom Street | : | |
| San Francisco, CA 94105-1205 | : | |
| and | : | |
| MARYGRACE KEPPLE | : | |
| c/o Derry Township Police Dep't | : | |
| 620 Clearwater Road | : | |
| Hershey, PA 17033 | : | |
| and | : | |
| DENNIS ECKENRODE | : | |
| c/o Derry Township Police Dep't | : | |
| 620 Clearwater Road | : | |
| Hershey, PA 17033 | : | |
| and | : | |
| RIAN BELL | : | |
| c/o Derry Township Police Dep't | : | |
| 620 Clearwater Road | : | |
| Hershey, PA 17033 | : | |
| and | : | |
| REBECCA KESSLER | : | |
| c/o Derry Township Police Dep't | : | |
| 620 Clearwater Road | : | |
| Hershey, PA 17033 | : | |
| and | : | |

1

TOM PAVONE                              :
c/o Derry Township Police Dep't        :
620 Clearwater Road                    :
Hershey, PA 17033                      :
     and                                    :
DERRY TOWNSHIP                         :
600 Clearwater Road                    :
Hershey, PA 17033                      :
                                       :
     *Defendants*                      :

## COMPLAINT

### Jurisdiction

1.   As to Defendant The Gap Inc., this action is brought pursuant to 28 U.S.C. § 1332(a)(1). Plaintiffs each are citizens of the Commonwealth of Pennsylvania. Defendant The Gap Inc. is a corporation with its headquarters and principal place of business located in the State of California and a citizen of the State of California. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2.   As to Defendants Marygrace Kepple, Dennis Eckenrode, Rian Bell, Rebecca Kessler, Tom Pavone, and Derry Township, this action is brought pursuant to 42 U.S.C. § 1983. This court has original jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

**Venue**

3.  The events and omissions giving rise to Plaintiffs' claims set forth herein occurred in the Township of Derry, County of Dauphin, Commonwealth of Pennsylvania. Thus, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the Middle District of Pennsylvania.

**Parties**

4.  Plaintiff Quashae Brown (hereinafter referred to as "Quashae") is an adult individual and a resident of the Commonwealth of Pennsylvania, domiciled at the address above-captioned.

5.  Plaintiff Quanae Brown (hereinafter referred to as "Quanae") is an adult individual and a resident of the Commonwealth of Pennsylvania, domiciled at the address above-captioned.

6.  Defendant The Gap Inc. is a corporation and global retailer of clothing and accessories, operating under various trade names including but not limited to The Gap Outlet and Old Navy with retail stores in Derry Township, Pennsylvania, and maintaining its headquarters and registered principal office at the address above-captioned.

7.  At all times relevant and material hereto, Defendant The Gap Inc.'s acts and omissions were accomplished by said defendant's agents and/or employees who were acting and/or failing to act within the course and scope of their agency

and/or employment.

8.   At all times relevant and material hereto, Defendant Marygrace Kepple (hereinafter referred to as "Officer Kepple") has been a Derry Township police officer and/or school resource officer in the Derry Township Police Department and an agent and/or employee of Defendant Derry Township, acting within the course and scope of said agency and/or employment, and acting under color of state law. She is named as a defendant in her individual capacity.

9.   At all times relevant and material hereto, Defendant Dennis Eckenrode (hereinafter referred to as "Officer Eckenrode") has been a Derry Township patrol officer in the Derry Township Police Department and an agent and/or employee of Defendant Derry Township, acting within the course and scope of said agency and/or employment, and acting under color of state law. He is named as a defendant in his individual capacity.

10.   At all times relevant and material hereto, Defendant Rian Bell (hereinafter referred to as "Officer Bell") has been a Derry Township patrol officer in the Derry Township Police Department and an agent and/or employee of Defendant Derry Township, acting within the course and scope of said agency and/or employment, and acting under color of state law. He is named as a defendant in his individual capacity.

11.   At all times relevant and material hereto, Defendant Rebecca Kessler (hereinafter referred to as "Officer Kessler") has been a Derry Township patrol officer in the Derry Township Police Department and an agent and/or employee of Defendant Derry Township, acting within the course and scope of said agency and/or employment, and acting under color of state law. She is named as a defendant in her individual capacity.

12.   At all times relevant and material hereto, Defendant Tom Pavone (hereinafter referred to as "Det. Pavone") has been a Derry Township police detective in the Derry Township Police Department and an agent and/or employee of Defendant Derry Township, acting within the course and scope of said agency and/or employment, and acting under color of state law. He is named as a defendant in his individual capacity.

13.   Defendant Derry Township is a second class township and political subdivision of the Commonwealth of Pennsylvania with its registered office located at the address above-captioned.

14.   At all times relevant and material hereto, Defendant Derry Township's acts and omissions were accomplished by said defendant's board of supervisors as well as its agents and/or employees in the Derry Township Police Department, including but not limited to Defendants Officer Kepple, Officer Eckenrode, Officer Bell, Officer Kessler, and Det. Pavone, who were acting and/or failing to act within

the course and scope of their agency and/or employment, and who were acting under color of state law.

**Factual Background**

15.  On or about December 22, 2020, beginning at approximately 11:00 a.m. and continuing for approximately 1-2 hours, Quashae and Quanae were business invitees at the Tanger Outlets Hershey (hereinafter referred to as "Tanger"), located at 46 Outlet Square, Derry Township, Dauphin County, Pennsylvania, where they were lawfully and peacefully Christmas shopping at various retailers.

16.  At the same time and place aforesaid, Quashae and Quanae were accompanied by their cousin, Trinity Tiina Arlez Bellamy Reid (hereinafter referred to as "Trinity"), who had driven Quashae and Quanae to Tanger in a Chevrolet Cavalier owned by Trinity's mother.

17.  Quashae, Quanae, and Trinity are each African-American individuals.

18.  At the time aforesaid, Quashae was a college student at Lincoln University while her younger sister Quanae was a high school senior at Dauphin County Technical School and her cousin Trinity was a high school senior at Central Dauphin East High School.

19.  While shopping at Tanger as aforesaid, Quashae, Quanae, and Trinity legally purchased items from various retailers including but not limited to The Gap Outlet and Old Navy.

6

20.   As Quanae and Trinity walked out of The Gap Outlet toward the Chevrolet Cavalier, they were confronted in the Tanger parking lot by Officers Kepple and Eckenrode.

21.   Officers Kepple and Eckenrode accused Quanae and Trinity of committing retail theft at Old Navy and placed them under custodial arrest, handcuffing and confining them each in a separate police vehicle.

22.   In connection with the aforesaid detentions and arrests, Officers Kepple and Eckenrode searched the persons and belongings of Quanae and Trinity, seizing their lawfully purchased items other personal belongings.

23.   Shortly thereafter, Quashae was walking toward the Chevrolet Cavalier when she was confronted in the Tanger parking lot by Officer Bell and was detained, handcuffed, arrested, subjected to a search and seizure of her person and belongings, and confined in Officer Bell's police vehicle.

24.   At no time did Quashae, Quanae, or Trinity act in an aggressive manner or give rise to any reasonable concern that they may have been armed or dangerous.

25.   Prior to taking Quashae, Quanae, and Trinity into custody, none of the involved Derry Township police personnel informed or questioned them regarding any of the allegations of retail theft for which they were being arrested.

26. Quashae, Quanae, and Trinity each were transported by Derry Township police personnel from Tanger to the Derry Township police department headquarters.

27. Officer Kessler locked Quashae and Quanae in jail cells at the police station where they remained confined until later in the afternoon, at which time they were released from custody because they had committed no crime.

28. Officer Kessler placed Trinity under detention against her will in a juvenile detention room where she was detained against her will for several hours until she was released because she had committed no crime.

29. Prior to the arrival of the aforesaid Derry Township police personnel at Tanger, Dauphin County 911 received a call from a Tanger Old Navy employee, believed and alleged to be Beth Anne Stanton (hereinafter referred to as "Ms. Stanton"), reporting that three black females were suspected by store employees of committing retail theft at The Gap Outlet and Old Navy at Tanger.

30. The allegedly stolen merchandise (which turned out not to be stolen at all) was a lone baby "onesie" valued at $6.

31. In response to Ms. Stanton's aforesaid retail theft report, Dauphin County 911 Dispatch contacted the Derry Township Police Department, which chose to immediately dispatch four uniformed police officers (Officers Kepple,

Eckenrode, Bell, and Kessler) and a detective (Det. Pavone) to the alleged crime scene at Tanger.

32.   Upon her arrival at Tanger, Officer Kepple went to Old Navy and met with Ms. Stanton, who is reasonably believed to be, at all times relevant and material hereto, an agent and employee of The Gap Inc., acting within the course and scope of her agency and employment.

33.   Officer Kepple found Ms. Stanton reviewing surveillance video footage of the Tanger Old Navy retail area.

34.   Ms. Stanton showed the surveillance footage to Officer Kepple, pointing out three young girls described by Officer Kepple as follows: (1) "B/F wearing a waist length white puffy coat with the hood up, jeans, and white sneakers[;]" (2) "B/F wearing a short metallic silver jacket, jeans, and a maroon do-rag around her head[;]" and (3) "B/F wearing a longer grey hoodie with hood up and jeans." Officer Kepple also noted the three girls were each wearing a mask in compliance with the store's COVID-19 restrictions.

35.   The "B/F wearing a waist length white puffy coat" was Quanae, the "B/F wearing a short metallic silver jacket" was Trinity, and the "B/F wearing a longer grey hoodie" was Quashae.

36.   Ms. Stanton stated she was reviewing the video because she had received a tip from an employee of The Gap Outlet at Tanger that the individuals

depicted on the video had been "acting suspicious" and had "stolen from them big time."

37.   Prior to the aforesaid detentions and arrests of Quashae, Quanae, and Trinity, Officer Kepple and other Derry Township police personnel possessed, knew of, and had access to the Tanger Old Navy surveillance footage.

38.   The Tanger Old Navy surveillance footage shows no evidence of Quashae, Quanae, or Trinity committing retail theft or any other crime.

39.   After the aforesaid meeting with Ms. Stanton, Officers Kepple and Eckenrode proceeded toward The Gap Outlet at Tanger where they planned to speak with The Gap employee who warned Old Navy about the three alleged retail theft suspects.

40.   Along the way from Old Navy to The Gap Outlet, Officers Kepple and Eckenrode encountered Quanae and Trinity, detaining and arresting them as described above.

41.   Officer Kepple then continued to The Gap Outlet where she interviewed The Gap Outlet employee Tania Roman (hereinafter referred to as "Ms. Roman"), identified by Ms. Stanton as the individual who allegedly provided Old Navy the retail theft warning about the three girls.

42.   Ms. Roman denied to Officer Kepple that she had warned Old Navy about any actual retail theft by the girls but that she had simply told Ms. Stanton that the three girls were "acting suspicious."

43.   Officer Kessler also met with Ms. Stanton and Ms. Roman, obtaining information which reasonably demonstrated neither Quashae, Quanae, nor Trinity engaged in retail theft or committed any other criminal offense.

44.   Det. Pavone was present at Tanger throughout the aforesaid investigation and, while he was at the scene, was aware of the video surveillance footage and the information obtained by Derry Township police personnel from Ms. Stanton, Ms. Roman, and/or other agents and employees of Tanger Old Navy and The Gap Outlet.

45.   Despite the video surveillance footage and the information obtained by Officers Kepple and Kessler from Ms. Roman, neither Officer Kepple nor any other Derry Township police personnel released Quanae, Quashae, or Trinity from custody or took any other steps to immediately end their detentions and arrests.

46.   No Derry Township police personnel, including Officer Kepple, Officer Eckenrode, Officer Bell, Officer Kessler, or Det. Pavone had a reasonable basis for initiating, continuing, or failing to immediately terminate the aforesaid detentions, arrests, seizures, and incarcerations of Quanae, Quashae, and Trinity.

47.  Before Derry Township police personnel transported Quanae, Quashae, and Trinity from Tanger to police headquarters, Officer Kepple, Officer Eckenrode, Officer Bell, Officer Kessler, and Det. Pavone each had information clearly demonstrating there was no reasonable basis to suspect Quanae, Quashae, or Trinity had participated in retail theft or any other criminal activity, and no reasonable basis to continue their detention and arrest.

48.  It is believed, and therefore averred, that the aforesaid conduct of the employees of Old Navy and The Gap Outlet, as well as the aforesaid conduct of Officer Kepple, Officer Eckenrode, Officer Bell, Officer Kessler, and Det. Pavone were motivated by a predisposed bias due to the fact that Quashae, Quanae, and Trinity are African-American individuals.

49.  Defendants initiated and continued the aforesaid accusations, detentions, arrests, incarcerations, searches, and seizures of Quashae and Quanae without probable cause, in reckless disregard of their rights, and with malice.

50.  Defendants initiated and continued the aforesaid detentions, arrests, and confinements of Quashae and Quanae despite the existence of credible, exculpatory evidence which was known to Defendants.

51.  Neither Quashae or Quanae committed any offense nor engaged in any conduct justifying their aforesaid detentions, arrests, incarcerations, searches, or seizures.

52.   As a direct and proximate result of the aforesaid series of events and Defendants' aforesaid and below-described acts and omissions, Quashae and Quanae have each sustained and incurred the following injuries, damages, and harms:

(a) Violations of her rights under the Fourth Amendment to the United States Constitution to be secure in her person from an unlawful search and seizure;

(b) Violations of her rights under the Fourteenth Amendment to the United States Constitution to not be denied equal protection of the laws;

(c) Confinement and loss of liberty;

(d) Pain, suffering, fear, anxiety, embarrassment, humiliation, and emotional trauma, some or all of which may be permanent.

53.   All Defendants have acted in concert and conspiracy and are jointly and severally responsible for all injuries, damages, and harms directly and proximately caused to Quashae and Quanae, respectively.

**FIRST CLAIM FOR RELIEF**
**QUASHAE BROWN and QUANAE BROWN v. THE GAP INC.**
**(Wrongful Use of Process)**

54.   Plaintiffs incorporate by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

55.   While they were in the Tanger Old Navy and The Gap Outlet as aforesaid, Quashae and Quanae were each business invitees of Defendant The Gap Inc. and lawfully on the respective premises.

56.   At all times relevant and material hereto, Ms. Stanton, Ms. Roman, and/or other agents and employees of Defendant The Gap Inc. were acting in the course and scope of their respective employment with Defendant The Gap Inc.

57.   It is reasonably believed, and therefore averred, that with regard to their aforesaid conduct in suspecting, accusing, and reporting retail theft to law enforcement authorities, Ms. Stanton, Ms. Roman, and/or other agents and employees of Defendant The Gap Inc. were acting pursuant to the policies, procedures, and customs of Defendant The Gap Inc.

58.   During the time they were in the Tanger Old Navy and The Gap Outlet as aforesaid, neither Quashae, Quanae, nor Trinity engaged in retail theft or any other unlawful act, a fact known to agents and employees of Defendant The Gap Inc.

59.   Agents and employees of Defendant The Gap Inc. negligently, intentionally, maliciously, and/or recklessly, without regard for the rights of Quashae or Quanae, manufactured, fabricated, embellished, and/or exaggerated accounts of the conduct of Quashae, Quanae, and Trinity in an effort to establish

the false and unsupported claims of retail theft reported to law enforcement authorities as aforesaid.

60.   It is believed, and therefore averred, that the aforesaid conduct of the agents and employees of Defendant The Gap Inc. were motivated by a predisposed bias due to the fact that Quashae, Quanae, and Trinity are African-American individuals.

61.   Defendant The Gap Inc. failed to properly or adequately train its agents and employees working at the Tanger Old Navy and The Gap Outlet, and/or failed to create, establish, train, promote, or enforce proper or adequate policies, procedures, or customs to prevent the type of improper actions taken by its employees as aforesaid.

62.   As a direct, proximate, and reasonably foreseeable result of the improper actions of Defendant The Gap Inc.'s agents and employees as aforesaid, Quashae and Quanae were each falsely accused of criminal activity, detained, arrested, incarcerated, and subjected to an unlawful search and seizure of her person and belongings.

63.   As a further direct, proximate, and foreseeable result of the aforesaid acts of Defendant The Gap Inc., Quashae and Quanae have each suffered the violations and incurred the damages and harms set forth in ¶ 52, *supra*.

**SECOND CLAIM FOR RELIEF**
**QUASHAE BROWN and QUANAE BROWN v. THE GAP INC.**
**(Injunctive Relief)**

64.   Plaintiffs incorporate by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

65.   The aforesaid improper actions of the agents and employees of Defendant The Gap Inc. are reasonably believed to be the result of biases and prejudices for which Defendant The Gap Inc. does not have proper or adequate policies or procedures to screen for, train or manage against, or prevent from affecting its customers in a racially discriminatory way.

**THIRD CLAIM FOR RELIEF**
**QUASHAE BROWN and QUANAE BROWN v. MARYGRACE KEPPLE,**
**DENNIS ECKENRODE, RIAN BELL, REBECCA KESSLER, TOM**
**PAVONE, AND DERRY TOWNSHIP**
**(Civil Rights Violations)**

66.   Plaintiffs incorporate by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

67.   Defendants Officer Kepple, Officer Eckenrode, Officer Bell, Officer Kessler, and Det. Pavone each deprived Quashae and Quanae of their right to be secure in their person from an unlawful search and seizure and to not be denied equal protection of the laws and thus violated their rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

68.   Specifically, Defendants Officer Kepple, Officer Eckenrode, Officer Bell, Officer Kessler, and Det. Pavone engaged in the following unconstitutional conduct:

(a) Searching and seizing Quashae and Quanae in the absence of probable cause and in violation of clearly established law;

(b) Detaining, arresting, and imprisoning Quashae and Quanae in the absence of probable cause and in violation of clearly established law;

(c) Searching, seizing, detaining, arresting, and imprisoning Quashae and Quanae despite the existence of credible, exculpatory evidence which was known to each said Defendant;

(d) Commencing, participating in, continuing, approving, and/or acquiescing in the searching, seizing, detaining, arresting, and imprisoning Quashae and Quanae based upon video surveillance footage and information which each said Defendant knew or reasonably should have known was manufactured, exaggerated, false, and/or provided no evidence of retail theft or any other criminal activity;

(e) Searching, seizing, detaining, arresting, and imprisoning Quashae and Quanae based on the fact they were African-American individuals; and

(f) Failing to intervene to prevent or stop constitutional violations committed by others upon Quashae and Quanae.

17

69.   Defendant Derry Township, at all times relevant and material hereto, has had a custom, policy, practice, and pattern of allowing police officers and detectives working within the Derry Township Police Department, including Defendants Officer Kepple, Officer Eckenrode, Officer Bell, Officer Kessler, and Det. Pavone, to engage in the type of wrongful conduct alleged herein.

70.   Defendant Derry Township, at all times relevant and material hereto, has failed to formulate, implement, train, enforce, and/or discipline as to sufficient customs, policies, or practices which would prevent police officers and detectives working within the Derry Township Police Department, including Defendants Officer Kepple, Officer Eckenrode, Officer Bell, Officer Kessler, and Det. Pavone, from engaging in the type of wrongful conduct alleged herein.

71.   Defendant Derry Township has a duty to adequately train, supervise, monitor, and discipline police officers and detectives working within the Derry Township Police Department, including Defendants Officer Kepple, Officer Eckenrode, Officer Bell, Officer Kessler, and Det. Pavone, to protect citizens from the type of wrongful conduct alleged herein.

72.   Defendant Derry Township and its policymakers, including but not limited to the township's board of supervisors as well as its supervisory agents and/or employees in the Derry Township Police Department, acted with deliberate indifference to an unreasonable risk that the rights of citizens with whom police

officers and detectives within the Derry Township Police Department come into contact would be deprived of their rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, thereby directly and proximately causing the aforesaid unlawful detentions, arrests, imprisonments, searches, and seizures of Quashae and Quanae.

73.   As a direct, proximate, and foreseeable result of the aforesaid conduct of Defendants Officer Kepple, Officer Eckenrode, Officer Bell, Officer Kessler, Det. Pavone, and Derry Township, Quashae and Quanae have each suffered the violations and incurred the damages and harms set forth in ¶ 52, *supra*.

## FOURTH CLAIM FOR RELIEF
**QUASHAE BROWN and QUANAE BROWN v. MARYGRACE KEPPLE, DENNIS ECKENRODE, RIAN BELL, REBECCA KESSLER, TOM PAVONE, AND DERRY TOWNSHIP**
**(Injunctive Relief)**

74.   Plaintiffs incorporate by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

75.   The aforesaid improper actions of Defendants Officer Kepple, Officer Eckenrode, Officer Bell, Officer Kessler, Det. Pavone, and Derry Township are reasonably believed to be the result of biases and prejudices for which Defendant Derry Township does not have proper or adequate policies or procedures to screen for, train or manage against, or prevent from affecting citizens in a racially discriminatory way.

### FIFTH CLAIM FOR RELIEF
### QUASHAE BROWN and QUANAE BROWN v. MARYGRACE KEPPLE, DENNIS ECKENRODE, RIAN BELL, REBECCA KESSLER, TOM PAVONE, AND DERRY TOWNSHIP
### (State Law Claims)

76.   Plaintiffs incorporate by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

77.   Defendants' aforesaid acts and omissions, directly or vicariously, constitute willful misconduct and negligence as well as assault, battery, and false imprisonment under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate those claims.

78.   As a direct, proximate, and foreseeable result of the aforesaid conduct of Defendants Officer Kepple, Officer Eckenrode, Officer Bell, Officer Kessler, Det. Pavone, and Derry Township, Quashae and Quanae have each suffered the violations and incurred the damages and harms set forth in ¶ 52, *supra*.

### REQUEST FOR RELIEF AND JURY DEMAND

In light of the foregoing, Plaintiffs each request the following relief:

(a)   Compensatory damages;

(b)   Punitive damages;

(c)   A court order directing each defendant herein to adopt, promulgate, train, and/or participate in educational and training programs designed to inform and counsel participants regarding racial sensitivity and constitutional rights, as

well as the implementation and enforcement of policies designed to consider racial profiling, racial bias and prejudice, and the constitutional right to equal protection of the laws;

    (d)    Reasonable attorney's fees and costs; and

    (e)    Such other and further relief as appears reasonable and just.

    Plaintiffs each demand a jury trial as to each Defendant and as to each claim for relief.

DATE: February 1, 2022

    s/  Richard M. Wiener
    Richard M. Wiener, Esquire
    PA Attorney I.D. No. 68041
    Law Offices of Richard M. Wiener, LLC
    161 Washington Street, Suite 400
    Conshohocken, PA 19428
    Ph: (610) 832-8050
    Fx: (610) 487-0300
    Email: rwiener@wienerlegal.com
    *Attorney for Plaintiffs*